```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
COACH SERVICES, INC.,                 : 09 Civ. 4656 (RMB) (JCF)
                                      :
            Plaintiff,                :      REPORT AND
                                      :      RECOMMENDATION
     - against -                      :
                                      :
K YA INTERNATIONAL, INC.; QUI Z YU;   :
and PU SHENG a/k/a ALAN SHENG,        :
                                      :
            Defendants.               :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE RICHARD M. BERMAN, U.S.D.J.:

This is an action for trademark counterfeiting and infringement and unfair competition brought by Coach Services, Inc. ("Coach") against K Ya International, Inc. ("K Ya International") and Pu Sheng a/k/a Alan Sheng.[1]  Coach contends that by selling piratical copies of handbags and leather goods, the defendants violated 15 U.S.C. §§ 1114 and 1125(a) of the Lanham Trademark Act of 1946 (the "Lanham Act") as well as the common law of the State of New York.

The defendants failed to answer the Amended Complaint, and on January 4, 2010, the Honorable Richard M. Berman, U.S.D.J., entered a default judgment and referred the case to me for a hearing on damages.  An inquest was held on March 15, 2010, and although the defendants were notified of the hearing, no one appeared on their behalf.[2]  The following findings are therefore based on the

---

[1] Although Qui Z Yu continues to be identified in the caption as a defendant, the claims against him were previously dismissed voluntarily.

[2] Notices to appear, which were mailed from this Court to the Brooklyn address provided for both defendants, were returned by the U.S. Postal Service marked "not deliverable as addressed" and "no

1

evidence provided by the plaintiff.

Background

  Coach manufactures, markets, and sells fine leather and mixed-material products including handbags, wallets, briefcases, footwear, apparel, and accessories. (First Amended Complaint ("Am. Compl."), ¶ 7). The company owns the trademark "COACH" in addition to several related trademarks, all of which frequently appear on the company's goods. (Am. Compl., ¶¶ 8-13). The plaintiff's trademarks have achieved a great deal of consumer recognition. (Am. Compl., ¶ 9).

  K Ya International is a company of unknown origin with offices and places of business in Brooklyn and Manhattan, and Mr. Sheng is the active force behind the company. (Am. Compl., ¶¶ 5-6). In March 2009, investigators for Coach obtained handbags from the retail store of K Ya International, including some bearing counterfeit reproductions of three Coach trademarks.[3] (Am. Compl., ¶¶ 15, 19; Photographs ("Photos"), attached as Exh. A to Am. Compl.; Plaintiff's Proposed Findings of Fact and Conclusions of Law ("Findings") at 2).

---

such number." Notices sent to the defendants' Manhattan addresses appear to have been delivered.

 [3] In its Proposed Conclusions of Law, Coach asserts infringement of four of its trademarks -- the "COACH" word mark, the Coach and Lozenge Design, the Signature "C" Logo, and the Coach Storypatch. (Findings at 6). However, Coach does not allege ownership of the Storypatch mark in the Amended Complaint, and thus has only shown that three of its trademarks have been infringed.

Discussion

    A. Jurisdiction

This court has subject matter jurisdiction over the plaintiff's trademark claim pursuant to 28 U.S.C. §§ 1331 and 1338(a) as well as 15 U.S.C. § 1121(a). Further, the Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a). There is personal jurisdiction over both defendants because they transacted business in New York in connection with the matter at issue. (Am. Compl., ¶¶ 5-6). N.Y. Civ. Prac. Law & R. § 302(a)(1).

    B. Liability

Following a default, all factual allegations of the complaint, except those relating to damages, must be accepted as true. Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993); Gucci America, Inc. v. MyReplicaHandbag.com, No. 07 Civ. 2438, 2008 WL 512789, at *1 (S.D.N.Y. Feb. 26, 2008) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)); Robinson v. Sanctuary Record Groups, Ltd., 542 F. Supp. 2d 284, 289 (S.D.N.Y. 2008).

In connection with this inquest, the plaintiff has requested damages only for trademark infringements in violation of the Lanham Act, and therefore liability need only be considered with respect to that claim.[4] There are two elements necessary to establish

---

[4] Although Coach has asserted two claims under the Lanham Act -- one for trademark infringement pursuant to 15 U.S.C. § 1114 and one for false designation of origin pursuant to 15 U.S.C. § 1125 -- it seeks only one set of statutory damages and thus I only address its claim for trademark infringement. I also need not consider the state law claims.

trademark infringement under the Lanham Act: (1) the plaintiff's ownership of a valid trademark and (2) the likelihood of confusion from the defendants' use of that trademark without the plaintiff's permission. Chanel, Inc. v. Louis, No. 06 CV 5924, 2009 WL 4639674, at *10 (E.D.N.Y. Dec. 7, 2009). Here, the allegations in the Amended Complaint clearly establish a valid claim of infringement. The plaintiff has demonstrated ownership of the three marks at issue (Am. Compl., ¶ 8) and has not authorized the defendants to use these marks. (Am. Compl., ¶ 21). Nevertheless, the defendants have produced and sold materials bearing these trademarked designs. (Am. Compl., ¶ 15; Photos). And, because of the recognition of the Coach as a brand, there is likely to be confusion between its products and the defendants'. (Am. Compl., ¶ 14).

Furthermore, in addition to K Ya International, Mr. Sheng may be held liable for the infringement. An individual corporate officer or employee is accountable for trademark infringement under the Lanham Act if he "actively and knowingly" caused the infringement. Fugazy International Travel Group, Inc. v. Stargazer, Ltd., No. 02 Civ. 3373, 2003 WL 115220, at *2 (S.D.N.Y. Jan. 10, 2003); Mattel, Inc. v. Internet Dimensions Inc., No. 99 Civ. 10066, 2000 WL 973745, at *9; see also Lauratex Textile Corp. v. Allton Knitting Mills Inc., 517 F. Supp. 900, 904 (S.D.N.Y. 1981); 15 U.S.C. § 1114(1). Here, Mr. Sheng was the "conscious, dominant and active force behind the wrongful acts of defendant K Ya International . . . ." (Am. Compl., ¶ 6). As such, he is

4

personally liable for these trademark violations.

   C. Damages

Under the Lanham Act, a trademark owner may choose to recover statutory damages or actual damages. 15 U.S.C. § 1117(c). Coach seeks $20,000 in statutory damages (Findings at 13). Statutory damages may be awarded in the amount of:

> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).

In this case, the plaintiff has established the defendants' willfulness. The defendants actively sold counterfeit Coach merchandise bearing at least three of Coach's registered trademarks. (Am. Compl., ¶ 15; Photos). Moreover, the defendants' failure to appear and defend this action permits an inference that they were willful in infringing upon the trademarks. See Malletier v. Apex Creative International Corp., 687 F. Supp. 2d 347, 354 (S.D.N.Y. 2010); Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003).

Additionally, the Court must award statutory damages that both relate to actual damages and constitute an amount sufficient to deter these defendants and others from using counterfeit trademarks in the future. See Bravado International Group Merchandising Services, Inc. v. Ninna, Inc., 655 F. Supp. 2d 177, 191 (E.D.N.Y.

2009); Malletier, 687 F. Supp. 2d at 358. The $20,000 sought here -- which amounts to $6,667 per infringement -- is an appropriate award as it effectively serves both the punitive and deterrent purposes of 15 U.S.C. § 1117(c).[5]

Conclusion

For the reasons set forth above, I recommend that judgment be entered in favor of the plaintiff and against the defendants for $20,000 in statutory damages. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Richard M. Berman, Room 650, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:      New York, New York
            June 10, 2010

---

[5] Although Coach requested $20,000 with the expectation that the sum would account for four trademark violations, it is still an appropriate amount for three violations in view of the fact that the plaintiff was entitled under the statute to up to $6,000,000.

6

Copies mailed this date to:

Cindy Chan, Esq.
Blakely Law Group
915 North Citrus Avenue
Hollywood, CA 90038

K Ya International Inc.
102 West 29th Street
New York, New York 10001

K Ya International Inc.
570 Westminster Road, Apt. C30
Brooklyn, New York 11230

Pu Sheng a/k/a Alan Sheng
102 West 29th Street
New York, New York 10001

Pu Sheng a/k/a Alan Sheng
570 Westminster Road, Apt. C30
Brooklyn, New York 11230