```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/12/10
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COACH SERVICES, INC.,

                      Plaintiff,

      -against-

K YA INTERNATIONAL, INC., QI Z YU,
and PU SHENG a/k/a ALAN SHENG,

                      Defendants.
------------------------------------------------------------X

09 Civ. 4656 (RMB) (JCF)

**DECISION & ORDER**

## I. Background

On January 4, 2010, this Court entered a default judgment ("Default") following the failure of K Ya International, Inc. and Pu Sheng a/k/a Alan Sheng (collectively, "Defendants") to answer Plaintiff's Amended Complaint, dated May 27, 2009, or otherwise to appear in this trademark infringement action. (Default at 1.)[1] On March 15, 2010, United States Magistrate Judge James C. Francis IV, to whom this case had been referred for a determination of damages, held a hearing at which Defendants, despite having been given notice, did not appear. (See Report & Recommendation, dated June 10, 2010, at 1.) On June 10, 2010, Judge Francis issued a thorough report and recommendation ("Report") recommending, among other things, "[t]hat judgment be entered in favor of the [P]laintiff and against the [D]efendants for $20,000 in statutory damages" pursuant to the Lanham Act, 15 U.S.C. § 1117(c) ("Lanham Act"). (Report at 6.)

The Report advised that, "pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b), 6(a), and 6(d) of the Federal Rules of Civil Procedure ('Fed. R. Civ. P.'), the parties have fourteen (14)

---

[1] Plaintiff voluntarily dismissed its claims against Qi Z Yu on May 26, 2009. (Notice of Voluntary Dismissal [# 3], dated May 26, 2009.)

days from this date to file written objections" and "[f]ailure to file timely objections will preclude appellate review." (Report at 6.) To date, neither party has filed objections to the Report.

**For the reasons set forth below, the Court adopts the Report in its entirety.**

## II.    Standard of Review

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); Grassia v. Scully, 892 F.2d 16, 19 (2d Cir. 1989). The Court may adopt those portions of a report and recommendation to which no objections have been made and which are not clearly erroneous or contrary to law. See Thomas v. Arn, 474 U.S. 140, 149 (1985).

## III.   Analysis

The facts and procedural history as set forth in the Report are incorporated herein by reference unless otherwise noted. Having conducted a review of the Report, the record and applicable legal authorities, the Court finds that the Report is not clearly erroneous and is, in fact, in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991).

Judge Francis properly concluded that "[D]efendants' failure to appear and defend this action permits an inference that they were willful in infringing upon the trademarks." (Report at 5); see Kenneth Jay Lane, Inc. v. Heavenly Apparel, Inc., No. 03 Civ. 2132, 2006 WL 728407, at *6 (S.D.N.Y. Mar. 21, 2006) ("Heavenly's willfulness, in violating the trademark law, is established by virtue of its default in this action."); see also Louis Vuitton Malletier, S.A. v. LY USA, No. 06 Civ. 13463, 2008 WL 5637161, at *1 (S.D.N.Y. Oct. 3, 2008).

Judge Francis also properly concluded that "[t]he $20,000 sought here, which amounts to $6,667 per infringement, is an appropriate award as it effectively serves both the punitive and

2

deterrent purposes of 15 U.S.C. § 1117(c)." (Report at 5–6); see Tiffany (NJ) Inc. v. Luban, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003); Malletier v. Apex Creative Int'l Corp., 687 F. Supp. 2d 347, 358 (S.D.N.Y. 2010).

## IV. Conclusion and Order

For the reasons set forth therein and herein, the Court adopts the Report in its entirety. Judgment is entered in favor of Coach Services, Inc. and against K Ya International, Inc. and Pu Sheng a/k/a Alan Sheng, in the amount of $20,000. Pursuant to 28 U.S.C. § 1961(a), Plaintiff is entitled to post-judgment interest from the date judgment is entered. The Clerk of Court is respectfully requested to close this case.

Dated: New York, New York
July 12, 2010

_RMB_

**RICHARD M. BERMAN, U.S.D.J.**